UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID EVERETT PROFFITT,

    Plaintiff,

        v.                            CAUSE NO. 3:24-CV-462-GSL-JEM

WESTVILLE CORRECTIONAL
FACILITY, et al.,

    Defendants.

OPINION AND ORDER

David Everett Proffitt, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Proffitt alleges that, on May 14, 2023, while watching television in the day room, a twelve-foot metal pipe covering that was resting flush against the wall fell on his head. He indicates this same pipe covering fell on another inmate, and the problem

with the pipe covering had been documented by IDOC staff. He indicates that multiple work orders were placed to repair this pipe, but they were ignored.[1]

Proffitt is suing four defendants: Warden John Galipeau, Deputy Warden Kenny Gann, GSC Director Phil Sonnenberg, and Maintenance Director Tim Pickett. Proffitt does not describe any interaction that he has had with these individuals regarding the pipe cover that fell on him.

Proffitt is suing Warden John Galpeau and Deputy Warden Kenny Gann because they oversee operations at the Westville Correctional Facility ("WCF"). He is suing GSC Director Phil Sonnenberg because he is in charge of ensuring problems in nine dorm were addressed. He is suing Maintenance Director Tim Pickett because he oversees fixing unsafe issues. There is, however, no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The complaint does not allege that any defendant was personally aware of an ongoing problem with the pipe cover and failed to respond to the threat it posed. Therefore, Proffitt cannot proceed against the Warden or IDOC Commissioner.

Furthermore, the Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). To state a claim under the Eighth Amendment, the prisoner must show both that the deprivation was sufficiently serious,

---

[1] Proffitt received medical care following the incident. While he complains about his care, he does not allege that the defendants named here were involved in decisions regarding his treatment.

and that the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, Proffitt explains that the pipe cover fell once before, but he has not pled facts from which it can be plausibly inferred that any defendant was aware that the pipe cover, which was apparently reinstalled after the first incident, posed an ongoing threat and was deliberately indifferent to that threat. The facts, at most, suggest negligence, but negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."). "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted). The amended complaint does not allege facts from which it can be plausibly inferred that any defendant was deliberately indifferent to the risk the pipe cover posed to Proffitt. Accordingly, Proffitt may not proceed on his claim pursuant to the Eighth Amendment.

      Proffitt also includes a claim based on state law. The amended complaint does not state a federal cause of action. In the absence of a federal claim, it is this court's practice to relinquish jurisdiction over state law claims. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claim conferring original jurisdiction before to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3).").

Finally, Proffitt's complaint seeks injunctive relief. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, the complaint does not state a claim, and Proffitt therefore cannot demonstrate that he is likely to succeed on the merits. Furthermore, Proffitt is no longer housed at WCF, and his request for injunctive relief is moot.

This complaint does not state a claim for which relief can be granted. If Proffitt believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the clerk will send to him.[2] He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to David Everitt Proffitt;

---

[2] Pursuant to N.D. Ind. L.R. 7-6, the court requires he use the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form.

(2) GRANTS David Everett Proffitt until **March 25, 2025**, to file an amended complaint; and

(3) CAUTIONS David Everett Proffitt that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 18, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT