UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID EVERETT PROFFITT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-462-GSL-JEM |
| WESTVILLE CORRECTIONAL FACILITY, et al., | |
| Defendants. | |

OPINION AND ORDER

David Everett Proffitt, a prisoner without a lawyer, filed an amended complaint. ECF 19. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Proffitt's amended complaint alleges essentially the same facts as his earlier complaint. ECF 1; ECF 19. He alleges that, on May 14, 2023, while watching television in the day room, a twelve-foot metal pipe covering that was resting flush against the wall fell on his head. He indicates this same pipe covering fell on another inmate, and the incident was documented by IDOC staff. Phil Sonnenberg, the GSC Director, was told

about the incident and said he would fix it. Over the weeks that followed, at least three officers submitted work orders about the pipe. Sonnenberg would say that he would get it taken care of or that he had maintenance on it, but the pipe cover was not repaired. Tim Pickett and Sonnenberg would come to the dorm on other business and be reminded about the pipe, but still it was not repaired. Proffitt also believes that Deputy Warden Kenny Gann would have been aware of the requests that were made regarding the pipe cover, and that he also failed to take action to ensure the situation was corrected. Proffitt speculates that the repairs were delayed because a new prison is being built and officials are trying to avoid spending money to make repairs to the existing facilities.

Proffitt is suing Deputy Warden Kenny Gann, GSC Director Phil Sonnenberg, and Maintenance Director Tim Pickett. As explained in the earlier screening order (ECF 18 at 2-3), the Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). To state a claim under the Eighth Amendment, the prisoner must show both that the deprivation was sufficiently serious and that the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). Negligence, however, generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."). "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted).

Here, Proffitt explains that the pipe cover fell once before and that the defendants knew (or should have known) that it needed to be repaired. Proffitt's allegations in the amended complaint, like those in his earlier complaint, may suggest negligence on the part of the defendants, but the allegations do not rise to the level of deliberate indifference. What happened to Proffitt is unfortunate. The court expresses no opinion about whether other remedies may be available to Proffitt, but what he describes does not amount to an Eighth Amendment violation.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on July 16, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT